MOSK, J.
I dissent.
I would dismiss the appeal as moot. That is because I would have vacated the underlying judgment on habeas corpus for ineffective assistance of *449 counsel in violation of the Sixth Amendment to the United States Constitution. (In re Avena (1996) 12 Cal.4th 694, 741-782 [49 Cal.Rptr.2d 413, 909 P.2d 1017] (dis. opn. of Mosk, J.).) There, on initial consideration, I found the “assistance”—better, the “nonassistance”—that trial counsel furnished defendant to be “shockingly ineffective.” (Id. at p. 741 (dis. opn. of Mosk, J.), italics added.) Here, after revisiting the question, I have regrettably been confirmed in my assessment.
If I were not of the view that the appeal should be dismissed, I would be inclined to set aside defendant’s sentence of death for “Robertson error” (People v. Robertson (1982) 33 Cal.3d 21 [188 Cal.Rptr. 77, 655 P.2d 279]), that is, the superior court’s failure to instruct the jury that the prosecution bore the burden of proving other crimes at the penalty phase beyond a reasonable doubt. Asserting that the offenses in question were supported by “overwhelming evidence,” the majority hold the error harmless. Their approach, however, is inconsistent with that taken by the United States Supreme Court in Sullivan v. Louisiana (1993) 508 U.S. 275 [124 L.Ed.2d 182, 113 S.Ct. 2078]. Dealing with a trial court’s analogous failure to instruct the jury that the prosecution bore the burden of proving charged crimes beyond a reasonable doubt, Sullivan makes plain that a reviewing court’s invocation of “overwhelming evidence” is not enough.
In any event, I would surely set aside defendant’s sentence of death as unreliable under the Eighth Amendment to the United States Constitution and article I, section 17 of California Constitution because trial counsel introduced none of the available mitigating evidence. (See People v. Lucas (1995) 12 Cal.4th 415, 501-502 [48 Cal.Rptr.2d 525, 907 P.2d 373] (conc. and dis. opn. of Mosk, J.) [implying that any sentence of death should be vacated as unreliable under the Eighth Amendment and article I, section 17 if trial counsel introduced none of the available mitigating evidence]; In re Ross (1995) 10 Cal.4th 184, 216, fn. 1 [40 Cal.Rptr.2d 544, 892 P.2d 1287] (dis. opn. of Mosk, J.) [same]; People v. Stansbury (1995) 9 Cal.4th 824, 835 [38 Cal.Rptr.2d 394, 889 P.2d 588] (conc. and dis. opn. of Mosk, J.) [same], reiterating People v. Stansbury (1993) 4 Cal.4th 1017, 1074 [17 Cal.Rptr.2d 174, 846 P.2d 756] (conc. and dis. opn. of Mosk, J.), revd. sub nom. Stansbury v. California (1994) 511 U.S. 318 [128 L.Ed.2d 293, 114 S.Ct. 1526]; People v. Diaz (1992) 3 Cal.4th 495, 577 [11 Cal.Rptr.2d 353, 834 P.2d 1171] (conc. and dis. opn. of Mosk, J.) [same]; see also People v. Howard (1992) 1 Cal.4th 1132, 1197 [5 Cal.Rptr.2d 268, 824 P.2d 1315] (conc. and dis. opn. of Mosk, J.) [finding a sentence of death unreliable under the Eighth Amendment and article I, section 17 when trial counsel introduced none of the available mitigating evidence, albeit at the defendant’s request]; People v. Sanders (1990) 51 Cal.3d 471, 531-533 [273 *450 Cal.Rptr. 537, 797 P.2d 561] (dis. opn. of Mosk, J.) [same]; People v. Lang (1989) 49 Cal.3d 991, 1059-1062 [264 Cal.Rptr. 386, 782 P.2d 627] (conc. and dis. opn. of Mosk, J.) [same]; People v. Williams (1988) 44 Cal.3d 1127, 1158-1161 [245 Cal.Rptr. 635, 751 P.2d 901] (conc. and dis. opn. of Mosk, J.) [to similar effect under the Eighth Amendment]; People v. Deere (1985) 41 Cal.3d 353, 360-368 [222 Cal.Rptr. 13, 710 P.2d 925] [same].)
Appellant’s petition for a rehearing was denied July 18, 1996, and the opinion was modified to read as printed above. Mosk, J., was of the opinion that the petition should be granted.